Good morning, Your Honors. David Walters for the petitioner. Counsel, before we begin, we gave you an order to show cause for some of the citations that you presented to us. And we sent you a detailed order regarding what some of the issues were. And the cases that were cited were, in one instance, wasn't even from the circuit, even though it was represented to be from the circuit. And in other instances, the cases that were cited did not remotely stand for the propositions for which they were cited. Your response was a little cavalier. So could you let us know now, in a little greater detail, how you went about getting those cases and what you did to verify that those cases actually were representative of the issues that were raised? Well, Your Honor, other than the mistake that we made with one citation that had the same name. Counsel, I just disagree with your characterization that there was simply one mistake with respect to a citation. I'm happy to walk through the several places in the brief where there are not just misstatements of the law, but citations that don't represent the propositions for which they are cited. On page 12 of your brief, you state that one critical piece of Ninth Circuit precedent governing PSGs is Nuru v. Gonzalez. But as we stated in our order to show cause, Nuru says nothing about PSGs. It discusses persecution on account of political opinion. On pages 13 and 14 of your brief, you cite Martinez-Carmago v. Lynch, claiming that this case involved a former member of the Mexican army who sought asylum in the United States, alleging persecution by criminal organizations due to his military background. That case does not even appear to exist at all. The reporter's citation is to an Eighth Circuit case, Martinez v. Lynch, not a Ninth Circuit case. On page 14 of your brief, you cite Enri Fuentes Campos, stating that the BIA considered whether former Mexican military members constituted a particular PSG eligible for asylum. Your response to the order to show cause states that this was a clerical error and that you meant to cite Matter of Fuentes, but Matter of Fuentes also did not, as you represented in your brief, involve a member of the Mexican military. And on page 10 of your opening brief, you appear to be describing a different petitioner, a 35-year-old man from Mexico who entered the United States in 1994. Your client, however, is a 46-year-old and last entered the United States in 2005. So would you like to address each of these instances? And again, we'd like to give you an opportunity to respond, but identifying these as mere clerical or a single clerical error is just not accurate. Counsel, let me just ask you this. I'm going to ask you point blank. It was this brief prepared using AI? No, it was not. So under Rule 11, then, you have certified that you prepared this brief and that it's correct. So how did all of this get into the brief? Well, Your Honor, I did rely on a law student for the research, and then I failed to check the citations. So that would be a fault of mine. I really don't have anything else to add other than it won't happen again. Are you representing your client on a pro bono basis, Counsel? No, Your Honor. So this is a paid client that you have an engagement letter and that you're collecting fees for? Yes. Do you think that this is an appropriate representation of a client who is paying for services? No, Your Honor. Does the panel want to proceed with the merits? All right. Could you start the clock, please? We will issue an order addressing, further addressing the order to show cause. Do you have anything else to decide? No, thank you, Judge Rawlinson. All right. Thank you, Your Honors. With respect to the case before us, let me address one of the glaring issues, at least in my mind, that needs to be addressed regarding the cancellation of removal. And the question is, why is the cancellation of removal being raised for the first time at the Ninth Circuit rather than at removal proceedings or during the BIA appeal process? And the reason for that is, at the time that we did the removal proceedings, we did not know, the petitioner had not informed us that he had a U.S. citizen child. And so that's the reason it was never addressed at the time of the removal proceedings. Now, with respect to the BIA, that's the first place where it was sometime between after the judge denied the asylum case that he informed us that he had a U.S. citizen child. So that's why it's mentioned in the BIA brief. And of course, the next obvious question is, why didn't you address it at the BIA brief, his eligibility for cancellation of removal? And the answer is, is because when we inquired about the U.S. citizen child, he didn't know any information. He didn't know the child's name. He didn't know the mother's name. He didn't know where they were. And so we had no way of proving at that point that the child existed and didn't really have an avenue for showing that the child existed. And so the reason why it was first raised at the Ninth Circuit was because in September of 2022, the petitioner married. And in marrying his wife, she had three U.S. citizen stepchildren. And the youngest stepchild actually suffers from epilepsy. And so that's why we raised it at that point. And that would be... The statute requires exhaustion, right? And I mean, it's not a jurisdictional requirement anymore, but it is still a requirement that we must enforce when it's been invoked, as it has been here. And so what, I mean, what it sounds like you're describing was a sort of inadequate communication between you and your client and incomplete investigation. But is there an exception to the exhaustion requirement that covers that kind of situation? No, Your Honor. There's no exception. I was just saying that we had nothing other than the client's statement that this child even existed, and we had no way of proving the existence, or at least in the short time that we had, finding the existence of the child. And that's it. Do you have anything else, Counselor? No, Your Honor. All right. Thank you. We'll save the remaining time for rebuttal. All right. Very good. Thank you. We'll hear from the government. Counsel, do you have any response to the order to show cause that you would like to present to the court? May it please the court, Your Honor, I'll use it for the government. No, I do not, Your Honor. Your Honors, we appreciate the opportunity to be here. We believe we have stated our case in our briefs. Unless the court has any questions in regards to this matter, we can submit on those briefs. It appears not. Thank you, Counsel. Thank you very much, Your Honor. There having been no presentation from the government, there is no need for rebuttal. The case is argued and submitted for decision by the court.
judges: RAWLINSON, MILLER, DESAI